**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| FRANKIE ANDINO,<br><br>Plaintiff,<br><br>-against-<br><br>THE DURHAM MANUFACTURING COMPANY,<br><br>Defendant. | : | Case No.: ______________<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Frankie Andino ("Plaintiff" or "Andino"), by his attorneys, Sage Legal LLC, alleges against Defendant The Durham Manufacturing Company ("Defendant" or "Durham"), on personal knowledge as to his own experiences and on information and belief as to matters within Defendant's knowledge, as follows:

**NATURE OF THE ACTION**

1. This is an action under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"), arising from Defendant's use of Plaintiff's exercise of protected medical-leave rights as a negative factor in compensation and employment decisions, including the termination of his employment on November 12, 2024.

2. Plaintiff worked for Durham for more than five (5) years.

3. In 2024, a serious hip condition required medical treatment, surgery, and leave.

4. Defendant knew the medical reason for his absence and treated at least part of his leave as FMLA leave.

5. Plaintiff alleges that Defendant denied him an hourly wage increase because of an operation-related absence and declined to correct that decision when he raised it with human resources.

6. Instead, Defendant subsequently terminated him under circumstances in which his use of FMLA-protected leave was an impermissible factor.

7. Plaintiff seeks recovery of the wages and employment benefits lost because of Defendant's unlawful conduct, statutory liquidated damages, appropriate equitable relief, and attorneys' fees and costs.

**JURISDICTION AND VENUE**

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2), because this case arises under the FMLA, a federal law.

9. This Court has personal jurisdiction over Defendant because Defendant operates the Connecticut manufacturing facility at which Plaintiff worked, employed and supervised Plaintiff in Connecticut, and committed the challenged employment acts in Connecticut.

10. Venue is proper in the District of Connecticut under 28 U.S.C. § 1391(b)(2).

11. A substantial part of the events giving rise to this action occurred at Defendant's facility at 201 Main Street, Durham, Connecticut 06422, where Plaintiff worked and where the challenged leave, return-to-work, compensation, and employment decisions were made or implemented.

**THE PARTIES**

12. Plaintiff is an individual residing in Meriden, Connecticut.

13. Defendant is a manufacturing business operating under the name The Durham Manufacturing Company, with a facility at 201 Main Street, Durham, Connecticut 06422.

14. Defendant employed Plaintiff at that facility.

15. Defendant manufactures and distributes industrial and commercial storage products and is engaged in commerce or an industry or activity affecting commerce.

16. Upon information and belief, during the relevant period Defendant employed at least fifty (50) employees for each working day during at least twenty calendar workweeks in the current or preceding calendar year and was an employer within 29 U.S.C. § 2611(4).

17. Plaintiff had been employed by Defendant for more than twelve (12) months before the medical leave at issue and had worked at least 1,250 hours during the preceding twelve-month period.

18. Plaintiff worked at a location at which Defendant employed at least fifty (50) employees within seventy-five miles.

19. Plaintiff was therefore an eligible employee under 29 U.S.C. § 2611(2).

## FACTS

### A. Employment and compensation

20. By March 2019, Plaintiff was employed by Defendant, and he remained employed until November 12, 2024.

21. His work included packing and painting functions in Defendant's manufacturing operation.

22. Plaintiff performed this work for years and possessed the experience and skills required for the packing and painting assignments he had performed.

23. Plaintiff was paid on an hourly basis.

24. Plaintiff ordinarily worked a full-time schedule, including Monday through Thursday and, when assigned, additional Friday or Saturday work. Defendant controlled his assignments, schedule, compensation, and employment status.

25. Donald Bond worked as Defendant's Powder and Packing Supervisor.

26. Yarelis Gonzalez was a human-resources contact with whom Plaintiff communicated concerning his employment and compensation.

**B. Medical condition, notice, surgery, and leave**

27. In 2024, Plaintiff experienced a serious hip condition that caused pain, limited lifting and prolonged standing, required continuing medical treatment, and resulted in periods during which he could not perform his work without an accommodation.

28. On May 6, 2024, a medical provider excused Plaintiff from work until May 9, 2024.

29. On May 7, 2024, an orthopaedic provider directed that he remain out of work until his May 13, 2024 appointment.

30. On May 13, 2024, an orthopaedic provider released Plaintiff for full-time work with restrictions that included no lifting over twenty-five (25) pounds and the ability to sit as needed for comfort.

31. Plaintiff underwent hip surgery on July 15, 2024.

32. His condition, surgery, recovery, and continuing treatment required medical leave and constituted a serious health condition within 29 U.S.C. § 2611(11).

33. Plaintiff informed Defendant of his medical condition and need for leave and provided medical documentation concerning his condition and work restrictions.

34. Defendant knew that the absences concerned medical treatment and recovery, rather than an unexplained failure to report to work.

35. Defendant provided Plaintiff with medical leave, including leave it treated as FMLA leave.

36. Defendant later continued him on an extended leave of absence.

**C. Attempted return and continuing medical releases**

37. On September 11, 2024, Plaintiff attempted to return to work but experienced hip pain and sought medical care.

38. Defendant's subsequent unemployment notice identifies September 11, 2024 as his last day worked, not as the date his employment was actually terminated.

39. The September 11, 2024 medical release permitted return on September 13, 2024 with light duty, sitting as much as possible, and no lifting over five pounds pending orthopaedic follow-up.

40. Plaintiff communicated his restrictions to Defendant's human-resources personnel and was immediately told that they could not assist him with those restrictions.

41. On September 13, 2024, his orthopaedic provider released him for full-time work with a ten-pound lifting restriction.

42. The provider again documented full-time work with a ten-pound lifting restriction on October 4, 2024.

43. A Community Health Center certification dated October 9, 2024 permitted return on October 10, 2024 with restrictions on lifting, carrying, or handling more than ten (10) pounds.

44. A further Community Health Center certification dated October 24, 2024 permitted return on October 25, 2024 with the existing limitations.

45. Plaintiff sought to remain employed and to resume work consistent with his medical restrictions.

46. His medical releases did not represent that all restrictions had ended or that he was cleared for unrestricted heavy lifting.

**D. Denial of the wage increase**

47. During his employment, Plaintiff sought an increase in his hourly rate from $24.75 to $25.75.

48. Defendant told Plaintiff that it would not increase his pay because he had been out for an operation.

49. Plaintiff raised the matter with Yarelis Gonzalez and explained his disagreement with the refusal to increase his pay.

50. Gonzalez responded that she could not do anything about it.

51. Plaintiff alleges that Defendant used his taking FMLA-qualifying medical leave as a negative factor in the compensation decision, rather than evaluating his eligibility without penalizing the protected leave.

52. The nature and terms of the increase, the applicable pay policy, and the manner in which Defendant treated other employees on equivalent leave are matters within Defendant's records.

**E. November 12, 2024 termination**

53. Defendant terminated Plaintiff's employment effective November 12, 2024, through a written termination letter issued by its human-resources department.

54. The termination letter stated that Plaintiff's FMLA leave had been exhausted, acknowledged that Defendant had extended his leave of absence, and referred to a November 5, 2024 doctor's note as indicating no change in his condition.

55. The letter stated that Defendant could not accommodate Plaintiff's restrictions and therefore would be ending his employment.

56. The unemployment notice prepared on November 12, 2024 likewise identified leave of absence as the stated basis for Plaintiff's separation.

57. The letter establishes Defendant's awareness of Plaintiff's exercise of FMLA rights.

58. Plaintiff disputes that the stated reasons fully and accurately explain the adverse treatment, including in light of the separate statement that his operation-related absence disqualified him from an increase in pay.

59. On information and belief, Defendant used Plaintiff's exercise of FMLA-protected leave as a negative factor in the challenged compensation decision and the decision to terminate his employment.

60. Plaintiff challenges retaliation for exercising protected leave rights, not merely Defendant's statement that a finite leave entitlement expired.

61. As a result of the unlawful conduct alleged, Plaintiff lost compensation and employment benefits.

62. He seeks recovery only for loss caused by an actionable violation and for periods and amounts established by the evidence.

## CAUSES OF ACTION

### COUNT I
### RETALIA TION FOR EXERCISING FMLA RIGHTS
### 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.220(c)

63. Plaintiff repeats and realleges paragraphs 1 through 62 as though fully set forth herein.

64. Plaintiff was an eligible employee, Defendant was a covered employer, and Plaintiff exercised FMLA rights by giving notice of, requesting, and taking qualifying leave for his serious health condition.

65. Defendant knew of Plaintiff's exercise of those rights.

66. Plaintiff had the experience and skills for the position he held and had performed his work for years before the challenged medical-leave-related treatment.

67. Defendant subjected Plaintiff to materially adverse employment actions, including denial of an increase in compensation because of protected medical leave and termination of his employment.

68. Plaintiff's exercise of FMLA rights was a motivating and negative factor in those actions.

69. Defendant thereby violated 29 U.S.C. § 2615(a)(1) and 29 C.F.R. § 825.220(c).

70. Upon information and belief, Defendant acted knowingly or with reckless disregard for the prohibition against penalizing protected leave.

71. Defendant recognized the applicability of the FMLA, yet used an operation-related absence to deny compensation and did not correct that adverse treatment when Plaintiff raised it with human resources.

72. Defendant's violations caused Plaintiff to lose wages, benefits, and other compensation, in amounts to be established at trial. Plaintiff is entitled to the relief authorized by 29 U.S.C. § 2617, including statutory interest and liquidated damages as applicable, appropriate equitable relief, and reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. Awarding wages, employment benefits, and other compensation denied or lost by reason of Defendant's violations, including back pay, in amounts established by the evidence;

B. Awarding the interest required by 29 U.S.C. § 2617(a)(1)(A)(ii) and liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii), subject to the statutory standards;

C. Granting appropriate equitable relief under 29 U.S.C. § 2617(a)(1)(B), including reinstatement or front pay in lieu of reinstatement if warranted by the evidence and applicable law;

D. Awarding reasonable attorneys' fees, expert-witness fees, and other costs under 29 U.S.C. § 2617(a)(3), and postjudgment interest as provided by law; and

E. Granting such other and further relief as the Court deems just and proper, without duplicative recovery for the same loss.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues so triable.

Dated: Jamaica, New York
September 11, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev, Esq.*

Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, New York 11432-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Frankie Andino*