**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

FRANKIE ANDINO,
Plaintiff,
v.
DURHAM MANUFACTURING COMPANY,
Defendants.

Civil Action No.: 3:26-cv-01478-OAW

November 9, 2026

**DURHAM MANUFACTURING COMPANY'S RULE 26(f) REPORT**

**Caption of Case:** ***Frankie Andino v. Durham Manufacturing Company***

**Date Complaint Filed:** The Complaint was filed on September 11, 2026.

**Date Complaint Served:** The Complaint was served on The Durham Manufacturing Company on or about September 24, 2026.

**Date of Defendant's Appearance:** Abby M. Warren, Esq. and Christopher A. Costain, Esq., of Robinson & Cole LLP entered appearances for Durham Manufacturing Company on September 24, 2026 and October 7, 2026, respectively.

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), and D. Conn. L. Civ. R. 16, The Durham Manufacturing Company ("Durham Manufacturing" or "Defendant") has made good-faith efforts to arrange the parties' Rule 26(f) conference. Defendant's counsel first contacted Plaintiff's counsel via email on October 15, 2026, and offered three potential dates for the conference. Plaintiff's counsel responded that they were not available on the dates offered and requested that the parties file a joint extension of time as it relates to the 26(f) report. Defendant's counsel responded via email on October 18, 2026 that Defendant would consent to Plaintiff's motion for extension of time. Subsequently, Defendant's counsel emailed Plaintiff's counsel twice with regard to the status of the motion for extension of time and also provided additional dates/times to schedule the 26(f) conference, but Plaintiff's counsel did not respond. Defendant's counsel also contacted Plaintiff via telephone and left a message, but the call was not returned. As of the date of this filing, Defendant's counsel had not heard from Plaintiff's counsel and Plaintiff's

counsel had not filed a motion for extension of time. In light of the applicable deadlines and Defendant's obligations under the Federal and Local Rules, Defendant is submitting this report on its own behalf to document its proposed case management plan and ensure compliance with those requirements.

## I. CERTIFICATION

Defendant's counsel, after consultation with their client, certifies that it has developed the following proposed case management plan. As set forth above, the parties have not conferred with regard to this filing. Defendant's counsel certifies that it has forwarded a copy of this report to their client.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

Pursuant to the Complaint filed on September 11, 2026, this Court has original federal jurisdiction over this action pursuant to the Family and Medical Leave Act, 29 U.S.C. §§ 2601, et seq. ("FMLA").

### B. Personal Jurisdiction

Defendant does not contest personal jurisdiction.

## III. BRIEF DESCRIPTION OF CASE

### A. Defendants' Brief Description of the Case

Frankie Andino ("Plaintiff") worked for Durham Manufacturing from on or about June 24, 2019 to November 12, 2024, most recently as a Packer. In 2024, Plaintiff requested medical leave and Durham Manufacturing approved the leave and designated it as leave under the Family and Medical Leave Act ("FMLA"). After Plaintiff exhausted his available FMLA leave, Durham Manufacturing extended his leave of absence to provide him with additional time to return to work.

Contrary to Plaintiff's allegations, Durham Manufacturing did not terminate Plaintiff's employment in retaliation for exercising his rights under the FMLA. Rather, Plaintiff's employment was terminated on November 12, 2024, as he was unable to return to work and could not perform the essential functions of his role. Durham Manufacturing further denies that Plaintiff was entitled to his requested wage increase or that the request was denied because he exercised protected rights. Durham Manufacturing's records reflect that Plaintiff did not receive an additional increase because his compensation was aligned with the applicable position rate. At all relevant times, Durham Manufacturing acted in good faith and for legitimate, lawful, nondiscriminatory, and nonretaliatory reasons.

**C. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) of Defendant:**

Durham Manufacturing denies the allegations of discrimination set forth in Plaintiff's Complaint. In response thereto, Durham Manufacturing plans to file a responsive pleading in response to Plaintiff's Complaint by November 23, 2026.

**D. Defenses and Claims of Third-Party Defendant/s**:

N/A.

## IV. STATEMENT OF UNDISPUTED FACTS

Without conferring with Plaintiff's counsel, Defendant cannot complete this section.

## V. CASE MANAGEMENT PLAN

**A. Initial Disclosures**

Durham Manufacturing has requested a 30 day extension to file initial disclosures with Plaintiff's counsel. If consented to, Durham Manufacturing will serve initial discovery protocol responses by December 9, 2026.

**B. Scheduling Conference with the Court**

1. Durham Manufacturing does not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. Durham Manufacturing prefers that a scheduling conference, if held, be conducted by telephone.

**C. Early Settlement Conference**

Durham Manufacturing certifies that it has considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Durham Manufacturing would be open to discussing settlement and prefers that if a settlement conference is held, that it is held with a Magistrate Judge.

**D. Joinder of Parties and Amendment of Pleadings**

Durham Manufacturing has considered any perceived defects in the pleadings and proposes the following for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff should be allowed until **December 9, 2026** to file motions to join additional parties or to file motions to amend the pleadings to include additional claims. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2. Durham Manufacturing should be allowed until **December 9, 2026** to file motions to join additional parties and to file a response or responsive motion to the complaint. Motions filed after the foregoing date will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

**E. Discovery**

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, Durham Manufacturing has considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, Durham Manufacturing is not aware of any specific "needs of the case":

b. Durham Manufacturing anticipates that discovery will be needed on the following subjects:

- Any facts and circumstances fairly arising out of the claims and allegations of Plaintiff's Complaint;
- Any facts and circumstances arising out of any defenses asserted by Durham Manufacturing;
- Documents and information regarding Plaintiff's hiring, performance, termination from employment, and mitigation efforts;

Durham Manufacturing reserves the right to conduct all discovery that is relevant to any party's claim or defense and proportional to the needs of the case, and no waiver of any such discovery is intended herein. Durham Manufacturing reserves the right to object in response to any specific discovery request, and no waiver of any such objection is intended herein.

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), should be commenced by **December 9, 2026** and completed (not propounded) by **August 9, 2027**.

d. Discovery should not be conducted in phases. Fact discovery to be completed by **August 9, 2027**.

e. All discovery should be completed by **August 9, 2027**.

f. Durham Manufacturing anticipates that it will require a total of 4-6 depositions of fact witnesses. The depositions will commence by**, and be completed by, August 9, 2027**.

g. Durham Manufacturing does not anticipate serving more than 25 interrogatories but reserves the right to request permission to serve more if deemed necessary.

h. Durham Manufacturing **does not intend** to call an expert witness at trial at this time.

i. Durham Manufacturing will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **February 9, 2027**. Depositions of any such experts will be completed by **August 9, 2027.**

j. A damages analysis should be provided by any party who has a claim or counterclaim for damages.

k. Defendant's counsel (after consultation with their client concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) has reviewed issues regarding the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. Durham Manufacturing would suggest that the parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

- The parties will provide ESI that is relevant, responsive, not privileged, and not inaccessible.
- The parties agree to preserve relevant ESI and have instructed document and ESI custodians of this obligation.
- ESI will be produced in a reasonably usable form. The parties agree that ESI production in "PDF" format is a reasonably usable form.
- The parties agree to work cooperatively to try and reach agreement regarding search terms that are reasonably calculated to lead to the discovery of admissible evidence, including identifying individuals whose communications should be searched, and date ranges for proposed searches.
- As part of the discussions about appropriate search terms, the parties agree that counsel for the responding party will consult with the individuals who sent or received relevant communications and identify proposed search terms. After the consultations with the custodians, counsel for the responding party will propose search terms to counsel for the requesting party, and counsel will then confer and try to reach agreement on the proposed search terms that will be used.
- The parties agree however, that proposed search terms will not be the exclusive means of searching for electronically stored information, as the responding party is still obligated to identify and produce responsive and discoverable documents about which it is aware regardless of whether those documents contain one of the agreed upon search terms.

m. The parties (after consultation with their client) agree to the following procedures for the preservation, disclosure and management of location(s), volume, organization, and costs of

retrieval of information stored in paper or other non-electronic forms: The parties agree to take reasonable steps to prevent the destruction of potentially relevant non-electronically stored information. Unless otherwise agreed to by the parties, all such documents produced in accordance with a discovery request shall be provided in "PDF" format.

n. The parties agree to engage in discovery procedures that minimize the risk of waiver of privilege or work-product protection, including the method and timing of the production of a privilege log and the procedures for asserting privilege claims after production. The parties agree that the procedures outlined in Federal Rule 26(b)(5)(B) shall be followed in the event that any such privileged documents are inadvertently disclosed.

**F. Other Scheduling Issues**

Durham Manufacturing does not anticipate any other scheduling issues at this time.

**G. Summary Judgment Motions**

Summary Judgment, which must comply with Local Rules 56, will be filed on or before**,** **October 9, 2027** or sixty (60) days after the close of discovery, whichever is later.

**H. Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **October 9, 2027** if no dispositive motion is filed, or 60 days after a ruling on a dispositive motion.

## VI. TRIAL READINESS

The case will be ready for trial by **December 9, 2027** if no dispositive motion is filed.

DEFENDANT,

THE DURHAM MANUFACTURING COMPANY

By *<u>/s/ Abby M. Warren</u>*

Abby M. Warren (ct30077)
Robinson & Cole LLP
One State Street
Hartford, CT 06103
Tel. No. (860) 275-8200
Fax No. (860) 275-8299
Email: awarren@rc.com
Its Attorney