**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| FRANKIE ANDINO,<br><br>Plaintiff,<br><br>v.<br><br>THE DURHAM MANUFACTURING COMPANY,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO. 3:26-CV-01478-OAW<br><br><br><br><br><br><br><br>NOVEMBER 23, 2026 |

**DEFENDANT, THE DURHAM MANUFACTURING COMPANY,**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, The Durham Manufacturing Company ("Durham"), hereby responds to the Complaint of Plaintiff, Frankie Andino ("Plaintiff"), filed on September 11, 2026, as follows:

## I. INTRODUCTION

1. Durham admits that Plaintiff's employment was terminated on November 12, 2024. The remaining allegations set forth in Paragraph 1 are conclusions of law to which no response is required. Plaintiff is left to his proof.

2. Admitted.

3. Durham is without information sufficient to admit or deny the allegations set forth in Paragraph 3 and therefore those allegations are denied. Plaintiff is left to his proof.

4. Durham admits that Plaintiff took FMLA leave during his employment. The remaining allegations are denied. Plaintiff is left to his proof.

5. Denied. Plaintiff is left to his proof.

6. Denied. Plaintiff is left to his proof.

7. The allegations set forth in Paragraph 7 are conclusions of law to which no response is required. To the extent Paragraph 7 contains factual allegations, they are denied. Plaintiff is left to his proof.

## II. JURISDICTION AND VENUE

8. The allegations set forth in Paragraph 8 are conclusions of law to which no response is required. To the extent Paragraph 8 contains factual allegations, they are denied. Plaintiff is left to his proof.

9. The allegations set forth in Paragraph 9 are conclusions of law to which no response is required. To the extent Paragraph 9 contains factual allegations, they are denied. Plaintiff is left to his proof.

10. The allegations set forth in Paragraph 10 are conclusions of law to which no response is required. To the extent Paragraph 10 contains factual allegations, they are denied. Plaintiff is left to his proof.

11. The allegations set forth in Paragraph 11 are conclusions of law to which no response is required. To the extent Paragraph 11 contains factual allegations, they are denied. Plaintiff is left to his proof.

## III. PARTIES

12. Durham admits that according to its personnel records, Plaintiff lived in Meriden, Connecticut during employment at Durham. Durham is without information sufficient to admit or deny Plaintiff’s present residence. Plaintiff is left to his proof.

13. Admitted.

14. Admitted.

15. Durham admits that it manufactures and distributes industrial and commercial storage products. The remaining allegations set forth in Paragraph 15 are conclusions of law to which no response is required. To the extent a response is required, Durham denies the remaining allegations. Plaintiff is left to his proof.

16. The allegations set forth in Paragraph 16 are conclusions of law to which no response is required. Plaintiff is left to his proof.

17. The allegations set forth in Paragraph 17 are conclusions of law to which no response is required. Plaintiff is left to his proof.

18. The allegations set forth in Paragraph 18 are conclusions of law to which no response is required. Plaintiff is left to his proof.

19. The allegations set forth in Paragraph 19 are conclusions of law to which no response is required. Plaintiff is left to his proof.

## IV. FACTUAL ALLEGATIONS

20. Admitted.

21. Durham denies that the allegations set forth in Paragraph 21 accurately describe Plaintiff's work assignments and therefore the remaining allegations are denied. Plaintiff is left to his proof.

22. Denied. Plaintiff is left to his proof.

23. Admitted.

24. Durham admits that its records reflect Plaintiff generally worked a Monday to Thursday schedule with occasional additional days. The remaining allegations are conclusions of law to which no response is required; therefore those allegations are denied. Plaintiff is left to his proof.

25. Admitted.

26. Durham admits that Ms. Gonzalez was a human resources employee. The remaining allegations in Paragraph 26 are denied; Plaintiff is left to his proof.

27. Durham lacks information sufficient to admit or deny the allegations set forth in Paragraph 27, and therefore those allegations are denied. Plaintiff is left to his proof.

28. Durham admits that Plaintiff provided a note from Plaintiff's medical provider dated May 6, 2024. Any remaining allegations are denied. Plaintiff is left to his proof.

29. Durham admits that it received a note from Plaintiff's medical provider dated May 7, 2024. Any remaining allegations are denied. Plaintiff is left to his proof.

30. The document speaks for itself; any characterization inconsistent with it is denied. Plaintiff is left to his proof.

31. Durham lacks information sufficient to admit or deny Plaintiff's medical treatment. Therefore, the allegations are denied. Plaintiff is left to his proof.

32. Durham lacks information sufficient to admit or deny Plaintiff's medical condition. The remaining allegations are conclusions of law to which no response is required. To the extent a response is required, those allegations are denied. Plaintiff is left to his proof.

33. Durham admits that Plaintiff submitted documentation concerning a medical condition affecting his right hip, restrictions and requesting leave. Any remaining allegations are denied. Plaintiff is left to his proof.

34. Denied. Plaintiff is left to his proof.

35. Admitted.

36. Durham admits that it extended Plaintiff's leave of absence after his FMLA leave entitlement had been exhausted. Durham denies any remaining allegations. Plaintiff is left to his proof.

37. Durham is without information sufficient to admit or deny the allegations set forth in Paragraph 37 and therefore those allegations are denied. Plaintiff is left to his proof.

38. Any document speaks for itself; any characterization inconsistent with it is denied. Plaintiff is left to his proof.

39. Durham is without information sufficient to admit or deny the allegations set forth in Paragraph 39 and therefore those allegations are denied. Plaintiff is left to his proof.

40. Denied. Plaintiff is left to his proof.

41. Durham is without information sufficient to admit or deny the allegations set forth in Paragraph 41 and therefore those allegations are denied. Plaintiff is left to his proof.

42. Any document speaks for itself; any characterization inconsistent with it is denied. Plaintiff is left to his proof.

43. Any document speaks for itself; any characterization inconsistent with it is denied.

Plaintiff is left to his proof.

44. Any document speaks for itself; any characterization inconsistent with it is denied. Plaintiff is left to his proof.

45. Durham is without information sufficient to admit or deny the allegations set forth in Paragraph 45, and therefore those allegations are denied. Plaintiff is left to his proof.

46. Any documents speak for themselves; any characterization inconsistent with them are denied. Plaintiff is left to his proof.

47. Denied. Plaintiff is left to his proof.

48. Denied. Plaintiff is left to his proof.

49. Durham is without information sufficient to admit or deny that Plaintiff raised the pay issue with Yarielis Gonzalez in the manner alleged. Any remaining allegations are denied. Plaintiff is left to his proof.

50. Durham is without information sufficient to admit or deny the alleged response attributed to Yarielis Gonzalez. Plaintiff is left to his proof.

51. The allegations set forth in Paragraph 51 are conclusions and characterizations that do not require a response. To the extent a response is required, Durham denies the allegations. Plaintiff is left to his proof.

52. The allegations set forth in Paragraph 52 are conclusions and characterizations that do not require a response. To the extent a response is required, Durham denies the allegations. Plaintiff is left to his proof.

53. Durham admits that Plaintiff's employment was terminated on November 12, 2024; any remaining allegations are denied. Plaintiff is left to his proof.

54. Any document speaks for itself; any characterization inconsistent with it is denied. Plaintiff is left to his proof.

55. Any document speaks for itself; any characterization inconsistent with it is denied. Plaintiff is left to his proof.

56. Any document speaks for itself; any characterization inconsistent with it is denied. Plaintiff is left to his proof.

57. The allegations set forth in Paragraph 57 are conclusions of law to which no response is required; to the extent a response is required, they are denied. Plaintiff is left to his proof.

58. Denied. Plaintiff is left to his proof.

59. Denied. Plaintiff is left to his proof.

60. Denied. Plaintiff is left to his proof.

61. Denied. Plaintiff is left to his proof.

62. The allegations set forth in Paragraph 62 are conclusions of law to which no response is required; to the extent a response is required, they are denied. Plaintiff is left to his proof.

**COUNT ONE: RETALIATION FOR EXERCISING FMLA RIGHTS**

63. The allegations in Paragraph 63 incorporate prior allegations and require no separate

response. Durham incorporates prior answers to such responses herein. To the extent a response is required, Durham repeats and realleges its responses to Paragraphs 1 through 62.

64. The allegations set forth in Paragraph 64 are conclusions of law to which no response is required. To the extent a response is required, Durham denies the allegations and leaves Plaintiff to his proof.

65. Denied. Plaintiff is left to his proof.

66. Denied. Plaintiff is left to his proof.

67. Denied. Plaintiff is left to his proof.

68. Denied. Plaintiff is left to his proof.

69. Denied. Plaintiff is left to his proof.

70. Denied. Plaintiff is left to his proof.

71. Denied. Plaintiff is left to his proof.

72. Denied. Plaintiff is left to his proof.

**PRAYER FOR RELIEF**

The Durham Manufacturing Company denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted. Plaintiff's employment was terminated based on legitimate, lawful, and non-discriminatory and non-retaliatory reasons, including Plaintiff's workplace conduct and/or performance, and Durham would have taken the same action irrespective of any alleged protected activity.

## SECOND AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred to the extent that they fall outside the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Any monetary relief Plaintiff seeks, or might otherwise be entitled to receive, must be reduced by the amounts Plaintiff earned, or with reasonable diligence could have earned through mitigation, or which otherwise failed to seek or accept, during the period for which he seeks monetary relief.

## FOURTH AFFIRMATIVE DEFENSE

All actions taken were for good cause and in good faith and were based on legitimate, bona fide, and nondiscriminatory factors.

## FIFTH AFFIRMATIVE DEFENSE

Any difference between Plaintiff's compensation and the compensation of any other employee resulted from one or more bona fide factors other than protected leave, including differences in duties, responsibilities, assignments, qualifications, a seniority system, a merit

system, and/or other legitimate business-related considerations.

**SIXTH AFFIRMATIVE DEFENSE**

The actions of Durham, if any, were made in good faith, were not willful, wanton, or reckless and were not performed with the knowledge that such conduct violated any law, rule, or regulation.

Durham expressly reserves the right to assert additional defenses, counterclaims, or any other claims that it may deem appropriate after further proceedings in this case.

Dated Hartford, Connecticut this 23rd day of November, 2026.

DEFENDANT,
THE DURHAM MANUFACTURING COMPANY

By *<u>/s/ Abby M. Warren</u>*

Abby M. Warren (ct30077)
Robinson & Cole LLP
One State Street
Hartford, CT 06103
Tel. No. (860) 275-8200
Fax No. (860) 275-8299
Email: awarren@rc.com
Its Attorney

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 23, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties who have filed appearances as of the time of this filing, by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Abby M. Warren*
Abby M. Warren